IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

WALLACE E. THREET                                                                      PLAINTIFF

V.                                          NO. 13-5056

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Wallace E. Threet, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed his applications for DIB and SSI on February 8, 2011, alleging an inability to work since December 31, 2009, due to hip problems right side, vision problems, limited reading/writing, "bi polar," learning disabilities, depression, arthritis, and anxiety. (Tr. 126-128, 134-141, 172, 175). An administrative hearing was held on February 22, 2012, at which Plaintiff appeared with counsel, and he and his wife testified. (Tr. 25-57).

By written decision dated April 13, 2012, the ALJ found that Plaintiff had an impairment

or combination of impairments that were severe - osteoarthritis and a mood disorder. (Tr. 13). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) in that the claimant is able to lift and carry 10 pounds occasionally and less than 10 pounds frequently. He is able to sit for six hours and stand and walk for two hours. He can occasionally climb, balance, crawl, kneel, stoop and crouch. Nonexertionally, the claimant is able to read simple and small words and numbers and understand, remember and carry out only simple, routine and repetitive tasks. He is able to respond to usual work situations and ordinary work change. He can occasionally interact with co-workers, supervisors and the public.

(Tr. 15). With the help of the vocational expert (VE), the ALJ determined that Plaintiff was unable to perform any past relevant work, but that there were jobs Plaintiff would be able to perform, such as machine tender and assembler. (Tr. 18-19).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on March 1, 2013. (Tr. 1-5). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 9, 10).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

I.   **Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir.

2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or

AO72A
(Rev. 8/82)

mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III. Discussion:

Plaintiff raises the following arguments on appeal: 1) The ALJ failed to fully and fairly develop the record; 2) The ALJ erred in his hypothetical question to the VE; and 3) The ALJ erred in disregarding the Plaintiff's testimony (credibility analysis). (Doc. 9).

#### A. Failure to Fully and Fairly Develop the Record:

The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995); Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000). This is particularly true when Plaintiff is not represented by counsel. Payton v. Shalala, 25 FG.3d 684, 686 (8th Cir. 1994). This can be done by re-contacting medical sources and by ordering additional consultative examinations, if necessary. See 20 C.F.R. § 404.1512. The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press his case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010). However, the ALJ is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. See Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995)("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial"). "The regulations do not require

the Secretary or the ALJ to order a consultative evaluation of every alleged impairment. They simply grant the ALJ the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination." Matthews v. Bowen, 879 F.2d 423, 424 (8th Cir. 1989).

Plaintiff argues that the ALJ failed to fully develop the record concerning Plaintiff's osteoarthritis. The ALJ had before him the record of Dr. Kenneth M. Poemoceah, who performed a General Physical Examination of Plaintiff on March 10, 2011. (Tr. 236-241). Dr. Poemoceah found that Plaintiff had some limited ranges of motion in his right hip and knee and ankle and lumbar spine flexion. (Tr. 238). He also found that Plaintiff's reflexes were symmetrically diminished in his biceps, triceps, patellar, and achilles. (Tr. 240). It is further reported that Plaintiff walked with a pronounced gait, but did not use a cane, was unable to tandem walk, walk on heel and toes, or squat/arise from a squatting position. (Tr. 240). Dr. Poemoceah diagnosed Plaintiff with marked degenerative changes of the right hip, some degeneration of right knee and ankle, history of learning disorder, and a history of anxiety issues. (Tr. 241). However, Dr. Poemoceah did not impose any limitations on Plaintiff.

On March 28, 2011, Plaintiff presented himself to Dr. John T. Smiley, of Mercy Medical Center, a treating physician, complaining of several days of low back pain, which radiated down the posterior right leg. (Tr. 296). Plaintiff reported he was having a hard time standing erect and that the pain was not relieved with over-the-counter medication. (Tr. 296). It was reported that an x-ray indicated mild degenerative joint disease of the right hip and lumbar spine. (Tr. 296). Plaintiff also exhibited decreased range of motion, tenderness and lumbar back pain. (Tr. 297). Plaintiff was assessed with hip and leg pain and lumbar radicular pain. (Tr. 298).

On April 14, 2011, an x-ray of Plaintiff's right hip was negative for acute abnormality. (Tr. 270). Two views of his right ankle were negative for acute abnormality. (Tr. 271).

On April 19, 2011, in a Physical RFC Assessment, non-examining consultant, Dr. Bill F. Payne, found that Plaintiff was capable of performing light work with occasional postural limitations. (Tr. 278-285). On May 5, 2011, Plaintiff against presented to Mercy Medical Center and was diagnosed with hip and lumbar radicular pain. (Tr. 303).

The remaining medical records deal with Plaintiff's alleged mental impairments, and as noted by the ALJ, there were few clinic records documenting medical treatment for any impairment. (Tr. 16). However, he thereafter addressed the records from Mercy Medical Clinic, Dr. Poemoceah, the x-rays, and the opinion evidence. (Tr. 16-17).

The Court finds that the existing medical sources contain sufficient evidence for the ALJ to make a determination, and that he did not fail to fully develop the record regarding Plaintiff's osteoarthritis.

B.   **Hypothetical Question to the VE:**

Plaintiff contends that the ALJ did not include all of his impairments in the hypothetical questions posed to the VE. At the hearing, the first hypothetical question posed to the VE was as follows:

> Q: I'd like you to assume a hypothetical: Younger person; limited education; can only read very simple, small words and numbers, nothing more than that; can understand, remember and carry out simple, routine, repetitive tasks; can respond to usual work situations and ordinary work changes; can occasionally interact with supervisors, co-workers, and the public; additionally, can occasionally lift and carry ten pounds frequently less; can sit for six hours in a day; stand, walk for two; can occasionally climb, balance, crawl, kneel, stoop, and crouch; and my question is, would there be work in the economy this person could do?

> A: Yes -one example would be machine tender....There are also sedentary jobs for an assembler.

(Tr. 54-55).

The hypothetical the ALJ posed to the VE fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole, Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the VE's responses to the hypothetical questions posed by the ALJ constitute substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing work as a machine tender and assembler. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

### C. Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In his decision, the ALJ found that Plaintiff's medically determinable impairments could

reasonably be expected to cause the alleged symptoms, but that his statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent they were inconsistent with the RFC assessment. (Tr. 16). In making this determination, the ALJ considered Plaintiff's daily activities, noting that during the day, he watched television, helped care for his young son, took naps, helped with some household chores and drove with rest breaks. (Tr. 16).  At the hearing, Plaintiff testified that on a typical day, he would wake up his 18 month old son, take him over to the grandmother's house, which was two houses down, and tried to watch him a little bit if she had to go grocery shopping. (Tr. 44). He testified that he tried to help with cooking, and that he did not take his medications as often as he should because he was afraid he would get addicted to the medication. (Tr. 51). In a March 7, 2011 Function Report - Adult, Plaintiff also reported that on a typical day, he awakened his two nephews who lived with him, and made sure they caught the school bus, and would go home in time for the boys to get off of the bus.  (Tr. 192). In the interim, he would either look for a job or ride with his brother-in-law, who picked up trash. (Tr. 192). He indicated he did cleaning, laundry, household repairs, went outside every day, shopped for groceries, and had no real problem with personal care,  (Tr. 194-195).  The ALJ also noted that Plaintiff took no medications for his alleged mental impairments, although medication had been prescribed for him. (Tr. 18).

      Based upon the foregoing, as well as those reasons given in Defendant's well-stated brief, the Court finds that there is substantial evidence to support the ALJ's credibility findings.

**IV.    Conclusion:**

      Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby

AO72A
(Rev. 8/82)

affirmed.  The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 27th day of May, 2014.

*/s/ Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)